**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 11, 2023

**Via ECF**

The Honorable Ronnie Abrams
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   United States v. Gerard Enriquez
       20 Cr 455 (RA)

Application granted.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
July 12, 2023

Dear Judge Abrams:

I write to respectfully request that the Court order the early termination of Mr. Gerard Enriquez's supervised released. Over the past four and a half years, Mr. Enriquez has complied with the terms of his supervision and has made great strides in his rehabilitation. Neither the Government nor the Probation Office opposes this request.

### The Court has the authority to terminate supervision

Upon consideration of the factors set out in 18 U.S.C. § 3553(a), the Court has the authority to terminate supervision any time after the expiration of one year if termination "is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e). Mr. Enriquez was sentenced by the District Court for the Eastern District of Virginia on October 3, 2011, and he has now served over four years of his five-year term of supervised release. Accordingly, the Court has statutory discretion to terminate his supervision.

### The purposes of supervised release have been served

"Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Because Mr.

Enriquez has proven through his action that he has been rehabilitated, supervised release is no longer necessary. It should be terminated early.

Mr. Enriquez was released from incarceration on January 28, 2019 and has since been supervised by the United States Probation Office for over four years. For the last approximately 53 months, Mr. Enriquez has complied flawlessly with the conditions of his supervision. Throughout that time, life was not without its challenges.

Towards the end of his sentence and shortly after his release, Mr. Enriquez lost both of his parents. He was not permitted to attend either of those funerals. Services to cope with these losses was hard to come by at times because Mr. Enriquez has been transferred to four different parole officers during his term of supervised release. These switches made it difficult for him to truly establish rapport and trust with any of the individuals responsible for helping him reintegrate into society. Further, after being incarcerated for nearly 10 years, Mr. Enriquez came home to a monumental amount of bills, financial debts, and other responsibilities that do not simply "go on hold," after an individual is incarcerated.

Despite these challenges, Mr. Enriquez, with the support of his two children, has never strayed from the responsibilities while on supervision. He has never once failed a drug test, home check, search, or probation check-up, and has stopped using drugs and alcohol altogether. Not once did Mr. Enriquez violate any of the conditions of his supervision. Further, Mr. Enriquez was able to return to work almost immediately, and has retained the same employment, cleaning real-estate properties for a company known as "Extreme Properties;" and, he has maintained a steady residence for the length of his supervision.

### Early termination will serve the interests of justice

Mr. Enrique is proud of his accomplishments. He told us: "I've done everything the court has asked for, busted my butt, did the right thing; I feel like I'm a great role model now." The purposes of supervised release have been satisfied, as Mr. Enriquez has absolutely no desire to ever return to the offense conduct which brought him to the Court to begin with; and this is demonstrated in the great strides he's made in the period following his release.

Mr. Enriquez has maintained a law-abiding life since his release, and now is trying to recover from his period of incarceration, including dealing with the

seemingly un-ending amount of accrued bills, making up for lost time with his children as well as caring for two loving pit bulls. Mr. Enriquez wants to be able to move on with his life, and fully recover from the mental and physical trauma he was left with following his lengthy incarceration; and his remedy of choice is healthy and nourishing for the spirit: traveling. Mr. Enriquez loves to travel, loves to be outside in any way, whether its fishing, mountain biking or camping, and most importantly, Mr. Enriquez needs to be able to get away from the urban environment as, in his words, "Jail gets you used to all the noise and bull- that ends up getting people caught up in the streets. That's why I love traveling; can't do that on probation."

Further supervision is unnecessary to achieve the aims of supervised release. The Government and Probation agrees. Accordingly, we ask the Court to terminate Mr. Enriquez's supervised release. Thank you for your consideration of this request.

Respectfully submitted,

/s/

Ian Marcus Amelkin, Esq.
Cameron Smith*
Federal Defenders of New York
(212) 417-8733

*Legal Intern